UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Kenneth Edward Barbour,

    Petitioner,

    v.                                        Civil Action No. 5:12-cv-134

Attorney General of Virginia,

    Respondent.

## **REPORT AND RECOMMENDATION**
(Doc. 1)

Plaintiff Kenneth Edward Barbour, a Virginia inmate proceeding *pro se*, seeks to file a Complaint in this court. Although the claims set forth in the proposed Complaint are not clear, Mr. Barbour appears to be alleging that leaders in the Executive Branch of government do not have certain blood types; that the government is carrying out character assassination by means of the Patriot Act; that inmates are entitled to weekend mail delivery to prisons; that he should be granted an allowance for alcoholic beverages and tobacco products; and that there is a constitutional right to recreational drugs. Mr. Barbour has not paid the filing fee for this action, and has instead moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 1.) That motion is now before the court.

Previous federal court rulings have determined that Mr. Barbour is not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915, as he has violated the statute's "three-strikes" rule. Section 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it

> is frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g). As one recent decision noted with respect to Mr. Barbour's litigation history,

> over the course of a decade, Plaintiff has filed over one hundred actions in the United States District Court. Not surprisingly, he has had at least three actions previously dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. *See, e.g., Barbour v. U.S. Code 2403(A)*, CA No. 4:10-077-WTM-GRS (S.D. Ga. Apr. 28, 2010) (frivolous); *Barbour v. Representatives of the Persons Asst. Warden Harvey*, CA No. 7:09-480-JCT-MFU (W.D. Va. Nov. 25, 2009) (frivolous); *Barbour v. Watson, et al.*, CA No. 7:08-607-JCT-MFU (W.D. Va. Nov. 28, 2008) (failure to state a claim).

*Barbour v. All U.S. Individual and Official Character Fed., State and Local Attornies*, 2012 WL 1768077, at *1 (S.D. Ala. Apr. 30, 2012); *see also Barbour v. Holder*, 2011 WL 3567648, at *1 (D.N.H. July 11, 2011) ("Barbour has, on three or more prior occasions, had non-habeas civil actions dismissed as frivolous or for failing to state a claim.").

The "three-strikes" provision contains a narrow exception which permits suits, notwithstanding prior dismissals, when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (applying imminent danger exception "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'") In determining whether the imminent danger provision applies, the court must evaluate whether the alleged danger existed when the Complaint was filed, and whether the danger is sufficiently serious to require protection. *Chavis v. Chappius*, 618 F.3d 162, 169-70 (2d Cir. 2010) (citations omitted). Vague, conclusory, non-specific or implausible allegations of imminent danger are insufficient to circumvent the "three strike rule." *Id.* at 170 ("A court

may find that a complaint does not satisfy the 'minimum danger' exception if the complainant's 'claims of imminent danger are conclusory or ridiculous.'" (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003))).

Here, Mr. Barbour claims that he is in danger of imminent harm, but his allegations, to the extent they can be understood, are highly conclusory and unsupported by specific facts. For example, in his *in forma pauperis* filing, Mr. Barbour cites "serious physical guaranteed rights injuries to the United States of America Constitution Treaties To Equity." (Doc. 1-1 at 1.) This statement is preceded by an allegation of religious discrimination, but does not explain how such discrimination poses an "imminent danger of physical injury." 28 U.S.C. § 1915(g).

The proposed Complaint also makes reference to threats of physical harm, first citing an imminent threat of "conviction injury" to both himself and the Attorney General of the State of Virginia. (Doc. 1-2 at 1) ("And the Attorney General of Virginia shall not be convicted without the United States Constitution concurrence of two-thirds constitutionality members present in this plaintiff imminent threat of serious physical conviction injury . . . ."). Mr. Barbour further claims that he is in "serious 1791 physical U.S. Const. [sic] First Amendment absent to enforcement injury" due to the government's alleged failure to enforce "any law respecting an establishment of religion." (*Id.* at 2.) Mr. Barbour's claim concerning blood types in the Executive Branch references "Executive Power Engagements entered under imminent ongoing United States Federal Republic Constitution Executive power serious physical injury of secured Blood Type . . . ," while his Patriot Act claim asserts "serious physical law and equity injuries accountable from the Attorney General character injury . . . ." (*Id.* at 2-3.) Similarly, Mr. Barbour's weekend mail claim asserts "a

serious physical governmental weekend mail privilege injury . . . ." (*Id.*) To the extent that these claims can be understood, they appear to be characterizing potential legal injuries as imminent threats of serious physical harm. Mr. Barbour's factual assertions, however, do not support such a characterization.

Absent any facts to support a finding of an "imminent danger of serious physical injury," I recommend that Mr. Barbour's motion for leave to proceed *in forma pauperis* be DENIED. 28 U.S.C. § 1915(g). If the court issues an Order adopting this Report and Recommendation, I further recommend that this case be DISMISSED WITHOUT PREJUDICE to reinstatement if Mr. Barbour pays the required $350.00 filing fee within thirty (30) days of the court's Order.

Dated at Burlington, in the District of Vermont, this 28th day of June, 2012.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within fourteen days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), 6(a), 6(d); L.R. 72(c). Failure to timely file such objections operates as a waiver of the right to appellate review of the District Court's adoption of such Report and Recommendation. *See* Fed. R. Civ. P. 72(a); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).