U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2012 AUG 14  PM 1:28

CLERK
BY _____
     DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Kenneth Edward Barbour, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:12-cv-134 |
| ) | |
| Attorney General of Virginia, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION
(Docs. 1 and 2)

This matter comes before the court for a review of Magistrate Judge John Conroy's June 28, 2012 Report and Recommendation (R & R) in the above captioned matter. (Doc. 2.) On June 14, 2012, Plaintiff Kenneth Edward Barbour moved for leave to file a complaint with this court *in forma pauperis*.[1] In the R & R, the Magistrate Judge recommended denying Mr. Barbour's application to proceed *in forma pauperis*. (Doc. 1.) On July 17, 2012, Mr. Barbour objected to the R & R. (Doc. 3.) Mr. Barbour is self-represented.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge "may accept, reject, or modify, in whole or in part, the findings

---

[1] The claims in the proposed complaint are not clear but Mr. Barbour appears to allege that "leaders in the Executive Branch of government do not have certain blood types; that the government is carrying out character assassination by means of the Patriot Act; that inmates are entitled to weekend mail delivery to prisons; that he should be granted an allowance for alcohol and tobacco products; and that there is a constitutional right to recreational drugs." (Doc. 2 at 1.)

or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

Mr. Barbour, who is currently imprisoned, has filed "over 350" actions or appeals in a federal court during his imprisonment, some of which have been dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. (Doc. 1 at 1.) On June 14, 2012, Mr. Barbour filed an application with this court to proceed *in forma pauperis* under 28 U.S.C. § 1915.

The Magistrate Judge reviewed Mr. Barbour's application, and concluded it should be denied because Mr. Barbour had violated § 1915(g)'s "three strike" rule. *See* 28 U.S.C. § 1915(g) (prohibiting a prisoner from proceeding *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought an action in a federal court that was dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted). In making this recommendation, the Magistrate Judge cited previous district court decisions noting prior dismissals of Mr. Barbour's claims. *See Barbour v. All U.S. Individual and Official Character Fed., State, and Local Attornies*, 2012 WL 1768077, at *1 (S.D. Ala. Apr. 30, 2012) (collecting cases).

The Magistrate Judge further concluded that although Mr. Barbour alleges he is in imminent physical danger, he appears to be characterizing potential legal injuries, such as religious discrimination, as imminent threats of physical harm. As a result, the Magistrate Judge found that § 1915(g)'s narrow exception for prisoners "under imminent physical danger" did not apply to Mr. Barbour. 28 U.S.C. § 1915(g).

Mr. Barbour objects to the R & R on two grounds. First, he argues that the authorities cited in the R & R are not valid laws made pursuant to the U. S. Constitution

2

or, in the alternative, that the cited authorities cannot override his constitutional rights.[2] Second, he argues that filing a lawsuit is an "absolute right," since lawsuits constitute "arms" for the purposes of the Second Amendment. (Doc. 3 at 1.)

With regard to Mr. Barbour's first objection, the circuit court opinions cited by the Magistrate Judge have not been overruled[3] and thus are a proper legal basis for his conclusion that the injuries Mr. Barbour alleges do not constitute imminent physical harm.

As for Mr. Barbour's argument that § 1915(g) unlawfully infringes upon the "absolute right to sue pursuant [to the] United States Constitution," Doc. 3 at 1, the Second Circuit has upheld § 1915(g)'s constitutionality as a valid exercise of congressional power. *See Polanco v. Hopkins*, 510 F.3d 152, 156 (2d Cir. 2007) (quoting *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999)); *see also Rodriguez v. Goord*, 2009 WL 3122951, at *3 (N.D.N.Y. Sept. 28, 2009) (rejecting "a facial attack on the constitutionality of 28 U.S.C. § 1915(g)" as meritless after *Polanco*). In doing so, the Second Circuit noted that prisoners do not have a constitutional right to *in forma pauperis* status and thus it "can be extended or limited by Congress." *Polanco*, 510 F.3d at 156 (internal quotations and citation omitted).

With respect to Mr. Barbour's second objection, the Second Amendment protects the right "to keep and bear Arms." U.S. CONST. amend. II; *see also Dist. of Columbia v.*

---

[2] Mr. Barbour writes, "Plaintiff establish[es] the authorities cited in this cas[e's] R & R not to be in absolute United States Constitution proportion or dimension Treaty of United States Law and U.S. Constitution Equity pursuant of United States Federal Const. Article VI-2 and Article III-2-1 United States Constitution." (Doc. 3 at 1.) He also expresses a concern about "absolute judicial power extended [absent] Law and Equity pursuant to Art. III United States Constitution." (Doc. 3 at 2.)

[3] *See Chavis v. Chappius*, 618 F.3d 162, 169-70 (2d Cir. 2010) (holding that danger of serious physical injury is assessed at the time the complaint is filed, that it is assessed for seriousness, and that conclusory allegations of imminent danger are insufficient); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (restricting the imminent danger exception to cases in which the danger is "real and proximate"); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) ("Courts also deny leave to proceed [*in forma pauperis*] when a prisoner's claims of imminent danger are conclusory and ridiculous.").

*Heller*, 554 U.S. 570, 628-30 (2008). Mr. Barbour cites no authority for extending this right to include filing lawsuits *in forma pauperis* and the court has found none.

Because Mr. Barbour has not otherwise objected to the R & R and because the court agrees with the Magistrate Judge's conclusions, the court hereby ADOPTS the Magistrate Judge's R & R as the Opinion and Order of the court, DENIES Mr. Barbour's motion for leave to proceed *in forma pauperis* (Doc. 1), and DISMISSES WITHOUT PREJUDICE Mr. Barbour's complaint. If Mr. Barbour pays the required $350 filing fee within thirty (30) days of the date of this order, his complaint shall be reinstated.
SO ORDERED.

Dated at Rutland, in the District of Vermont, this 14th day of August, 2012.

_____
Christina Reiss, Chief Judge
United States District Court